| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

| | | |
|---|---|---|
| Maraj Kidwai, | § § § § § § § § § § § | |
| Plaintiff, | | |
| versus | | Civil Action H-12-455 |
| St. Matthew's University School of Medicine, *et al.* | | |
| Defendants. | | |

## Opinion on Summary Judgment

1. *Introduction.*

A university in the Cayman Islands and its trustees say a Texas court does not have jurisdiction over them. They are correct.

2. *Background.*

Maraj Kidwai is suing St. Matthew's University School of Medicine and its trustees – John P. Docherty, W. Christopher Croley, and Barry J. Cooper – because the school changed his graduation requirements between matriculation and graduation.

Kidwai lives in Houston, Texas. He studied medicine at St. George's University in Grenada for one year. In December of 2006, he applied to transfer to St. Matthew's through the Internet. It accepted him to start in January of 2007.

From January to December of 2007, Kidwai attended classes in Grand Cayman. From January to April of 2008, Kidwai completed a semester in Miami, Florida, preparing for the Step One examination. After passing it, he began his clinical rotations in July of 2009. He did them in Florida, Virginia, and Illinois, finishing in April of 2011.

At the time Kidwai matriculated, the graduation requirements in the catalog did not include his having passed the Step Two examination. From 2007 to 2009, a committee at St. Matthew's considered requiring students to have passed that test to earn a degree. In May 2010, St. Matthew's included having passed the Step Two examination in its graduation requirements.

It applied this change to Kidwai because he had not yet completed his rotations. Although Kidwai passed one part, he failed the second part of the Step Two examination, eventually exhausting his three opportunities under St. Matthew's rules. As a result, St. Matthew's would not award him a medical degree.

The defendants question the court's jurisdiction over them in Texas. St. Matthew's is on Grand Cayman in the Cayman Islands, British West Indies. Some of St. Matthew's administrative offices are in Florida, and some are in Grand Cayman. The trustees live in New York, Florida, and Oregon. They never met in Texas.

The St. Matthew's site cannot respond to applications. Communications from St. Matthew's originate from Florida or Grand Cayman. Kidwai attended classes in Grand Cayman for one year, and he took a course in Florida for six months through St. Matthew's. Although St. Matthew's places an average of four students a year in Texas for rotations, Kidwai did not complete any rotations in Texas.

3.  *Jurisdiction.*

    A. *University.*

None of Kidwai's contacts with St. Matthew's was in Texas. He had a contract with and paid tuition to St. Matthew's from Texas. Students can choose to do their rotations in a Dallas hospital, often come from Texas, and can apply online. St. Matthews has hired people from Texas to be professors and guest lecturers.

For personal jurisdiction, the defendant must have chosen to engage in and benefit from his activities in the state.[1] Personal jurisdiction cannot result from the unilateral actions of the plaintiff or other parties.[2] St. Matthew's does not control where students choose to do their rotations, where they live before attending, or where they may be when they use its site. Similarly, offering employment to a person in Texas to join St. Matthew's faculty in Grand Cayman cannot make it liable to suit in Texas, since the adventitious fact of the recruit's home state is extraneous to the contractual relationship and its performance. Kidwai's location during contracting and payment cannot create personal jurisdiction over St. Matthew's because the

---

[1] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

[2] *McFadin v. Gerber*, 587 F. 3d 753, 759 (5th Cir. 2009).

application could have been from anywhere. He could have sent the application from Denver and had his bank in Wyoming send the payments; those locations are chosen by the student and unrelated to the execution of the work under the contract. Simply contracting with someone in a forum state does not create personal jurisdiction over a defendant when no part of the contract's substance happens there.[3]

A site creates jurisdiction where it is used when the contract itself involves the repeated use of the Internet to perform the contract.[4] In this instance, the contract involved Kidwai attending classes in Grand Cayman and completing rotations in Florida, Virginia, and Illinois. Although Kidwai paid tuition online, no part of the contract required using the Internet. The Internet functioned like the post office or Federal Express. Kidwai could have completed his application in New York and mailed it to St. Matthew's. He could have called from Oregon with the account numbers for his bank in Maine to pay.

A site may also create jurisdiction if it is particularly interactive.[5] In this case, the site could not respond to applications or process it on its own. It advertised the school and had an online application that was processed by workers in Florida or Grand Cayman. The site did nothing but facilitate communication between Kidwai and St. Matthew's administrators.

B. *Trustees*

Kidwai is suing the trustees for intentional misrepresentation of the graduation requirements when he matriculated in 2007. The trustees decide policy at St. Matthew's. That responsibility includes deciding graduation requirements. Although they were being discussed when Kidwai matriculated, the students were not told of the discussions.

A tort is committed where the resulting injury occurs. Here, the injury was St. Matthew's refusal to award a medical degree to Kidwai in Grand Cayman, not in Texas.

---

[3] *Freudensprung v. Offshore Technical Services, Inc.*, 379 F. 3d 327, 344 (5th Cir. 2004).

[4] *See Mink v. AAAA Development LLC*, 190 F. 3d 333 (5th Cir. 1999) (adopting the rationale in Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119 (W.D. Pa. 1997)).

[5] *See id.*

Kidwai's lost wages and tuition are incidental to the lost degree. [6] His losses, like his application, could happen anywhere, including a constantly changing locus of loss as he was unemployed in different states.

Even if the injury occurred in Texas, Kidwai has not shown a single fact to establish the elements of an intentional misrepresentation. The graduation requirements given to Kidwai when he matriculated were the true graduation requirements at the time. The policy-making authority is not obliged to publish proposals to it, its proposals, or its discussions. The trustees consider changes to the school's policy on every aspect of running it; their policies are always being reviewed for fitness to the school's mission, finances, and regulatory constraints at a minimum.

In fact, no trustee ever discussed graduation requirements with Kidwai – the catalog was the only representation, and it was accurate.

4.  *Conclusion.*

St. Matthew's and its trustees have done nothing that makes it reasonably consistent with substantial justice to exercise personal jurisdiction over them in Texas. The motion to dismiss is granted.

Signed on June 22, 2012, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[6] *See Jobe v. ATR Marketing, Inc.*, 87 F. 3d 751 (5th Cir. 1996) (distinguishing actual injury from resulting consequences in determining jurisdiction).